[No. 17177.  Department Two.  June 12, 1922.]

DAVID AUSTERMUHL et al., Appellants, v. W. P. WOTTON
et al., Respondents.[1]

USURY (4)—SALE OR LOAN—EVIDENCE—SUFFICIENCY. There was
a purchase and resale of a stage line, and not a usurious loan, where
the evidence clearly preponderates that there was an agreement
whereby defendants purchased the stage line for $30,000 cash and
resold it to plaintiffs for $40,000 on time, taking eighty notes of
$500 each, secured by a chattel mortgage on the property.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered October 24, 1921,

[1]Reported in 207 Pac. 662.

upon findings in favor of the defendants, in an action to recover usurious interest paid, tried to the court. Affirmed.

*Hayden, Langhorne & Metzger,* for appellants.

*Thos. L. O'Leary,* for respondents.

PER CURIAM.—Rossi and Wallin, on September 1, 1919, owned a stage line operating between the cities of Olympia and Tacoma, which they were willing to sell for the sum of $30,000, and which the appellants wished to buy but did not have the money. As found by the trial court, an agreement was entered into between the appellants and respondents whereby the respondents purchased the stage line for the sum mentioned, and resold it to the appellants for the sum of $40,000, taking eighty notes of $500 each, payment of which was secured by a chattel mortgage upon the property. After all these notes had been paid, the appellants began this action, claiming that the whole transaction was a loan by the respondents to them of the sum of $30,000, for which there had been usuriously exacted $6,464.40, being the sum of $10,000, less interest at twelve per cent—the highest rate allowed by law.

The case presents only a question of fact as to whether the transaction between the appellants and respondents and Rossi and Wallin was a sale by Rossi and Wallin to respondents, and a resale to the appellants, or a purchase by the appellants from Rossi and Wallin by money loaned them by the respondents. The facts as they appear in the statement clearly preponderate in favor of the finding of the trial court that it was not a loan but a sale, and the judgment is therefore affirmed.